UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| GENERAL WASTE PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:01-cv-96-WGH-RLY |
| | ) | |
| CONTINENTAL CASUALTY COMPANY, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER TO CONVEY DEED

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to the Trustee's motion, in part requesting an order to convey the "River Yard Site," filed November 14, 2012. (Docket No. 2). David G. Mounts ("Mounts") requested a hearing on that motion. (Docket No. 4). A hearing was held before the Magistrate Judge on December 12, 2012, at 2:00 p.m., at which Kathleen Lucas, the Trustee, appeared in person with counsel, Mr. Turner, and Mr. Walker and Mr. Nelson, by telephone; Mounts was present in person and represented by counsel, Mr. Kahre, in person; Marsha Trockman was represented by counsel, Ms. Jones, in person; the Estate of Allan Trockman was represented by counsel, Mr. Veazey, in person; interested party Evansville Marine Services was represented by counsel, Mr. Lavallo, in person. Mr. Newcomb was represented by counsel, Mr. Kent and Mr. Johnson, by telephone.

After hearing argument, the court finds as follows:

1. By Order dated August 31, 2004, this court created an IRC Section 468B Trust ("Trust"). (Final Report of Trustee, Motion for Status Conference, and Request to Convey River Yard, Distribute Assets, and Terminate Trust ("Final Report") Ex. A).

2. That Trust is memorialized through the Evansville Greenway and Remediation Trust Agreement ("Trust Agreement"). (Final Report Ex. B). Pursuant to Section 2.3(6), the Trustee is authorized to "enter into contracts and agreements as needed to fulfill the purposes of this Trust Agreement." Section 5.4 of the Trust specifically contemplates the sale of the River Yard Site. The trustee is therefore the person authorized under the trust to execute deeds and the appropriate documents to consummate a sale of the River Yard Site.

3. The Trust entered into a Forbearance and Partial Settlement Agreement ("Forbearance Agreement") with Mounts and others on October 18, 2004. (Final Report Ex. I). Paragraph 6.1 of that agreement provides:

> 6.1 **Mounts** hereby agrees that he will release any and all liens that he claims to have maintained on the **River Yard** in exchange for the payment to him of the net sales proceeds from the sale of the **River Yard** up to the amount of the remaining indebtedness identified in Sections 5.1 and 5.2. Should the amount offered to purchase the River Yard Site be less than the remaining indebtedness identified in Sections 5.1 and 5.2 of this Agreement, and should **Mounts** not agree that the sales price offered represents the fair market value of the **River Yard**, **Mounts** shall, at his discretion, be entitled to purchase the **River Yard** at the offered price under the same terms and conditions as acceptable to the Trustee of the **Evansville Greenway and Remediation Trust**.

(Final Report Ex. I (emphasis in original)).

4. Pursuant to paragraph 6.1, Mounts has agreed that he will release any and all liens upon the payment of the net sales proceeds from the sale of the River Yard Site. In addition, that section provides that should the amount offered to purchase the River Yard Site be less than the remaining indebtedness . . . and should Mounts not agree that the sales price offered represents the fair market value of the River Yard Site, Mounts shall, at his discretion, be entitled to purchase the River Yard Site at the offered price under the same terms and conditions as acceptable to the Trustee of the Evansville Greenway and Remediation Trust.

5. There exists a contract to purchase the River Yard Site with Evansville Marine Services. (Final Report Ex. E).

6. The court finds that the sales price offered represents the fair market value of the River Yard Site, and that Mounts has not indicated to the court or to other parties that this is not the fair market value of the River Yard Site. Pursuant to the clear and unambiguous terms of the Forbearance Agreement, Mounts is not at this time entitled to purchase the River Yard Site.

7. Section 5.4 of the Trust Agreement provides:

> 5.4 <u>Sale of the River Yard</u>. The **Trustee** acknowledges that, upon the sale of the **River Yard Site**, the full sale price of the **River Yard Site** and other **Recoveries** shall become an asset of the Trust. In addition, the **Trustee** acknowledges that, upon the issuance of a Covenant Not to Sue by the Governor of Indiana, **General Waste** will execute an irrevocable Power of Attorney authorizing the **Trustee** to offer the **River Yard Site** for sale. The Trustee agrees that she has sole and complete authority to determine whether to accept a bid for the sale of the **River**

>   **Yard Site**, whether that bid was obtained by **General Waste** or by the **Trustee**.  All proceeds from the sale of the **River Yard Site** shall be placed into the **Trust**.

(Final Report Ex. B at 11 (emphasis in original)).

   8.  Pursuant to the Trust Agreement, upon the sale of the River Yard Site, all proceeds "shall be placed into the Trust." (*Id.*).

   9.  This court has jurisdiction to interpret the Forbearance Agreement as part of its continuing jurisdiction "to effectuate the purposes of the Trust Agreement." (Final Report Ex. A ¶ 5).  Payment of the proceeds from the sale to the Trust subjects those proceeds to further order of the court with respect to disbursement of the funds.

   10.  Evansville Marine Services has made substantial expenditures to the River Yard Site to improve it.  Such expenditures were useful to complete the purposes of remediation of this parcel of property.

   11.  There are no other known interested parties to purchase the River Yard Site.

   12.  Because fair market value for the property is being paid and those proceeds may not be disbursed until further order of this court, Mounts has constructively received those proceeds and is now required to execute a release of all liens with respect to the River Yard Site only.

   13.  Marsha Trockman, by counsel, has agreed to execute documents necessary to convey the title to the River Yard Site.  Claims that she may have to

distribution shall be addressed in the proceedings to approve the Trustee's proposed final distribution.

14.  Mr. Newcomb's claim for realtor's fees will be addressed as part of the Trustee' proposed final distribution report.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED**, as follows:

1.  The Trustee's motion and request to convey the River Yard Site is **GRANTED**, and the Trustee is **ORDERED** to provide an appropriate deed and necessary closing documents to effectuate the sale of the River Yard Site.

2.  Mounts is ordered to execute documents required by the title company to reflect a release of any and all liens as they apply to the River Yard Site only.

3.  The Trustee is **ORDERED** to maintain the funds received from the sale of the River Yard Site until further order of this court, except that from the funds at closing may be paid appropriate real estate taxes and title insurance fees.

4.  The Trustee is **ORDERED** to prepare on or before January 3, 2013, a proposed final distribution order for the court's review.

5.  On or before January 9, 2013, Mounts, the Estate of Allan Trockman, Marsha Trockman, Mr. Newcomb, and any other interested parties shall file and serve any objections to the Trustee's proposed distribution.  The objections shall include briefs on the issues of what constitutes "net proceeds" of the sale and of the court's jurisdiction to resolve disputes between those who are not parties to this litigation.

6. The **HEARING** on any objections to the Trustee's proposed distribution previously set for December 18, 2012, is hereby **RESCHEDULED** before the Magistrate Judge on **WEDNESDAY, JANUARY 9, 2013,** at 1:00 p.m., Evansville time (CST), in Room 335, U.S. Courthouse, Evansville, Indiana.

**SO ORDERED** this 14th day of December, 2012.

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Distribution:**

Electronically to Registered Counsel of Record.

Annie Greenblum
3920 Pinetop Blvd.
Titusville, FL 32796

Kathleen Coyle
CNA - Environmental & Mass Tort Claims
P.O. Box 2002
1249 South River Road
Cranbury, NJ 08512

Kathleen G. Lucas
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN 46204

Lynn Senzell
P. O. Box 53
Evansville, IN 47701

Laurie Baiden Bumb
P O Box 3326
Evansville, IN 47732-3326

Michael Orville Nelson
NELSON LAW GROUP LLC
8777 Purdue Road
Suite 310
Indianapolis, IN 26268

Philip C. Hunsucker
RESOLUTION LAW GROUP PC
3717 Mt Diablo Blvd
Suite 200
Lafayette, CA 94549

Rebecca L. Ross
ROSS DIXON & BELL LLP
70 West Madison Street Ste 525
Chicago, IL 60602

Susan Sussman
10215 47th Ave. North
Plymouth, MN 55442

Scott E. Turner
ELENIUS FROST & WALSH
333 South Wabash Avenue
25th Floor
Chicago, IL 60604

William Stacey White
Resolute Management, Inc.
79 West Monroe
7th Floor
Chicago, IL 60603