UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| GENERAL WAST E PRODUCTS, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 3:01-cv-96-WGH-RLY |
| CONTINENTAL CASUALTY COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |

### ORDER ON DISTRIBUTION OF THE "TROCKMAN SHARE"

1. The Trust is memorialized through the Evansville Greenway and Remediation Trust Agreement ("Trust Agreement"). (Final Report, Ex. B).

2. Pursuant to Section 2.3(6) of the Trust Agreement, the Trustee is authorized "[t]o enter into contracts and agreements as needed to fulfill the purposes of this **Trust Agreement**." (*Id.*).

3. A document necessary to effectuate the purposes of the Trust was executed by the Trustee entitled "Forbearance and Partial Settlement Agreement." (Final Report, Ex. I).

4. Pursuant to Section 6.1 of that Agreement, which the court finds to be unambiguous, David G. Mounts ("Mounts") agrees that he will release "any and all liens that he claims to have maintained on the **River Yard** in exchange for the payment to him of the net sales proceeds from the sale of the **River Yard** up to the amount of the remaining indebtedness . . . ." (*Id.*).

5. Based upon the unambiguous language of Section 6.1 of the Agreement, Mounts is entitled to the net proceeds of the sale of the River Yard pursuant to an agreement to which the Trust is a party.

6. In addition, paragraph 9.2.3 of the Trust Agreement specifically contemplated that "**Trockman** may use *all* or a portion of his 50 percent of **Recoveries** to resolve the liens held by **Lienholder**, for which **Trockman** and **General Waste** are solely responsible.  If the amount obtained by the **Trus**t for the sale of the **River Yard Site** is reduced by virtue of amounts owed to the **Lienholder**, the amounts due to **Trockman** will be reduced by this amount." (Final Report, Ex. B)(emphasis added).  Therefore, the Trust specifically contemplated payments to Mounts as the lienholder of "all or a portion" of the Trockman recovery.

7. There is no evidence before the court that the "net proceeds" from the sale of the River Yard exceed the lien of Mounts.

## Conclusion

Pursuant to the terms of the Trust Agreement itself and the Forbearance Agreement to which the Trust is a party, the Trustee shall disburse the net proceeds of the sale of the River Yard to David G. Mounts.

**SO ORDERED** the 28th day of January, 2013.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Michael Orville Nelson
NELSON LAW GROUP LLC
mnelson@nelsonlawgroupllc.com

Gary Lee Miller
MILLER MEYER LLP
gmiller@millermeyerllp.com

Tammy Jo Meyer
MILLER MEYER LLP
tmeyer@millermeyerllp.com

Donald R. Vowels
KEATING BUMB VOWELS & LAPLANTE
drvowels@insightbb.com

E. Lee Veazey
MASSEY LAW OFFICES, LLC
ELV@masseylawoffices.com

Stephen Salvatore Lavallo
MCCRAY LAVALLO FRANK & KLINGLER
slavallo@mlfklaw.com

Gregory Alan Kahre
gakahre@kahrelaw.com

Katharine Vanost Jones
melissa@courtbuilding.com

Edward W. Johnson
JOHNSON CARROLL NORTON KENT & STRAUS, P.C.
hgoebel@jcglaw.com


**Copies mailed to:**

Annie Greenblum
3920 Pinetop Blvd.
Titusville, FL  32796

Kathleen Coyle
CNA - Environmental & Mass Tort Claims
P.O. Box 2002
1249 South River Road
Cranbury, NJ  08512

Kathleen G. Lucas
BOSE MCKINNEY & EVANS, LLP
111 Monument Circle
Suite 2700
Indianapolis, IN  46204

Lynn Senzell
P. O. Box 53
Evansville, IN  47701

Laurie Baiden Bumb
P O Box 3326
Evansville, IN  47732-3326

Philip C. Hunsucker
RESOLUTION LAW GROUP PC
3717 Mt Diablo Blvd
Suite 200
Lafayette, CA  94549

Rebecca L. Ross
ROSS DIXON & BELL LLP
70 West Madison Street Ste 525
Chicago, IL  60602

Susan Sussman
10215 47th Ave. North
Plymouth, MN  55442

Scott E. Turner
ELENIUS FROST & WALSH
333 South Wabash Avenue
25th Floor
Chicago, IL  60604

William Stacey White
Resolute Management, Inc.
79 West Monroe
7th Floor
Chicago, IL  60603


**Courtesy copy to:**

Marco DiLucio
ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP
MDeLucio@zsws.com